UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-23867-CIV-ALTONAGA/Damian

METZFAB INDUSTRIES, LLC, AND
BRANDON METZGER,

                  Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

                  Defendants.
_____/

FILED BY _____ D.C.

DEC 14 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## MOTION TO MODIFY THE PRELIMINARY INJUNCTION
## AND LIFT ASSET FREEZE

    NOW COMES real party in interest Si Xin Chen sued herein as VODCACA ("Defendant"), hereby moves to modify the preliminary injunction order entered by the Court on November 29, 2023 and to unfreeze Defendant's assets and accounts.

### ARGUMENT

**I.**    **Unfreezing Defendant's Assets and Accounts Is Warranted.**

    Defendant moves to modify the preliminary injunction to the extent that it continues to freeze Defendant's funds that have no relation whatsoever to Defendant's alleged infringement. As such, the current freeze, which Defendant moves to modify immediately, does not fall within the Lanham Act's exception to the general ban on federal court prejudgment attachment reiterated by the Supreme Court in Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc., 527 U.S. 308, 322 (1999).

In Grupo Mexicano, the Supreme Court explained that any asset freeze must be directly related to, and strictly limited to, the court's ability to fashion an equitable remedy after a trial or decision on the merits:

> Despite Justice Ginsburg's allusion to the 'increasing complexities of modern business relations,' and to the bygone 'age of slow-moving capital and comparatively immobile wealth,' we suspect there is absolutely nothing new about debtors' trying to avoid paying their debts, or seeking to favor some creditors over others — or even about their seeking to achieve these ends through 'sophisticated . . . strategies.' The law of fraudulent conveyances and bankruptcy was developed to prevent such conduct; an equitable power to restrict a debtor's use of his unencumbered property before judgment was not.

Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc., 527 U.S. 308, 322 (1999) (internal cites omitted).

District courts "generally do not have the authority to preliminarily restrain assets where a plaintiff seeks a money judgment." Id. (citing Grupo Mexicano, supra at 331).

The Supreme Court went on to explain that "[e]ven when sitting as a court in equity, we have no authority to craft a 'nuclear weapon' of the law like the one advocated here," as doing so "would literally place the whole rights and property of the community under the arbitrary will of the Judge." Grupo Mexicano at 332. Thus, while it is true that a "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," this power cannot reach "the whole rights and property" of a defendant, but rather must be limited to that portion of the defendant's property that may ultimately be subject to disgorgement. Grupo Mexicano at 326.

A nuclear weapon is precisely what Plaintiff obtained here, which it can then hold to the Defendant's heads while seeking to "negotiate" settlement. The preliminary injunction restrains Defendant from transferring any money or other of Defendant's assets without permission from the Court, and also restrains Amazon, which is not a party here, from transferring any money or other of Defendant's assets, again without prior permission from the Court.

Plaintiff implicitly recognizes that this Court's equitable power to freeze any of Defendant's finances derives from 35 U.S.C. § 283 and 35 U.S.C. § 284 equitable remedy of an accounting for an infringer's profits generated by the sale of infringing goods. See [Dkt. 32] at page 4, paragraph E and F.

The preliminary injunction, however, goes far beyond the powers of this Court, and indisputably — and unjustly — continues to freeze far more than just the potential profits that Defendant may have earned selling the allegedly infringing product along with countless other unrelated products. In fact, given the boundless nature of Plaintiff's request, the Court itself has no way of knowing how much money the Court has frozen, where it is located (both geographically and in what institution(s)), or what the money or other assets were derived from. This Court therefore has no way of knowing whether the value of what has been frozen by the Court's exercise of its most potent power bears any relation to the size of this case, or more importantly, the potential size of any future equitable disgorgement of profits. Moreover, there is no mechanism in place for the Court to ever find out — there is nothing in the Court's orders that would require Plaintiff itself to

find out how much money has been frozen, and certainly no requirement that Plaintiff ever inform the Court of the true scope of the Court's own order. Rather, the Court has effectively delegated its injunctive powers to the Plaintiff, who is free to use, or abuse, those powers to extract settlements from Defendant, including in amounts that it may not be entitled to and that this Court may never otherwise award.

Plaintiff has not even identified a single Amazon ASIN through which Defendant allegedly sold infringing merchandise, yet it could easily do so, and could use its power to conduct expedited discovery to determine exactly how many allegedly infringing allegedly infringing products Defendant sold, and exactly how much money Defendant generated from those sales. These numbers, should serve as the absolute ceiling on the amount of money that this Court has the power to freeze in order to preserve the Plaintiff's asserted right to an accounting for Defendant's profits generated by their sale of the allegedly infringing product.

Any asset freeze in this case should only reach assets that are related in some way to the allegedly infringing activity, such that the defendant's "ill-gotten gains" may be transferred from the defendant to the plaintiff under a court's equitable powers. See, Klipsch Group, Inc. v Big Box Store Ltd., 12 CIV. 6283 AJN, 2012 WL 5265727, at *8 (S.D.N.Y. Oct. 24, 2012):

> To determine the proper size of an injunction necessary to preserve Plaintiff's right to an equitable award of profits, the Court adopted the approach taken by Judge Berman in North Face Apparel Corp. v. TC Fashions, Inc., 2006 WL 838993, at *3 (S.D.N.Y. Mar. 30, 2006). Applying this approach, a court 'may exempt any particular assets from the freeze on the ground that they [are] not linked to the profits of allegedly

illegal activity.' *Id.* (alteration in original) (quoting <u>Levi</u>
<u>Strauss & Co. v. Sunrise Int'l Trading Inc.,</u> 51 F.3d 982, 987
(11th Cir.1995)).

Other courts have also found that the moving party's request to
freeze assets must have some relation to the allegedly wrongful conduct,
given that disgorgement, which Plaintiff seeks here, is directed at
taking ill-gotten property and returning it to its rightful owner.
<u>Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.,</u> 14 F.3d 1507,
1521 (11th Cir. 1994)("Ordinarily, the general federal rule of equity
is that a court may not reach a defendant's assets unrelated to the
underlying litigation and freeze them so that they may be preserved to
satisfy a potential money judgment.") (internal citations omitted).

In a similar case in the Southern District of New York, Judge
Schofield recognized the limits of a federal court's power to order an
asset freeze, and limited the preliminary injunction in that case to a
freeze of all revenue generated by the sale of the allegedly infringing
merchandise, and similarly limited the freeze of the defendant's
business to nothing more than a prohibition on the defendant continuing
to sell the allegedly infringing goods during the pendency of the
litigation. <u>See Klipsch Grp., Inc. v. Big Box Store Ltd.,</u> 2012 WL
5265727, at *5 (S.D.N.Y. Oct. 24, 2012) ( "In short, while the Court
agrees with Plaintiff that it has the power to freeze assets to preserve
a later award of an equitable accounting, such a freeze should be
confined in scope to the likely profits of counterfeiting activity.").

This Court should do the same, and immediately modify the
preliminary injunction, at least to the extent it indiscriminately
freezes Defendant's assets. Defendant understands that it may ultimately

be their burden to show the Court what percentage of their gross revenue from the sale of allegedly infringing products is profit versus cost of goods sold, and does not object to the Court entering a preliminary injunction freezing, for the time being, all of their revenue from the sale of any and all accused merchandise, leaving issues of liability for another day. Defendant objects, however, that *all* of Defendant's money, regardless of source, should be frozen during the pendency of this litigation, including while the parties attempt to negotiate a fair and just settlement.

After reviewing records of Defendant's sales transactions, it is clear that the total revenue generated from the sale of allegedly infringing merchandise is $907.43. <u>See</u> **<u>Exhibit A</u>**. Defendant has provided their sales record in good faith and in doing so has met their burden of proving that the assets under freeze were generated from unrelated, non-infringing sales.

If Plaintiff insists on seeking an equitable remedy by disgorging Defendant's profits, it should be entitled to a freeze here of no more than $907.43. Defendant has met their burden in proving that the frozen assets are from unrelated sales.

(THIS SPACE INTENTIONALLY LEFT BLANK)

## CONCLUSION

For the reasons stated herein, the Court should modify the preliminary injunction and unfreeze Defendant's assets and accounts.

Dated: December 12, 2023          Respectfully submitted,

**_/s/ Si Xin Chen_**
SI XIN CHEN
wzmuzan@163.com
Tangxia Town Room 2401,
Unit 1, Building 1,
Wenzhou city, Ruian City
Zhejiang Province
325200, China

# EXHIBIT A

VOOCACA New Diesel Dipstick Adapter Repair Kit Fit for Ford 7.3L Powerstroke F250 F550 F450 F550 1994-2003



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No. 23-cv-23867_____

METZFAB INDUSTRIES, LLC_____ , **Plaintiff**

**vs.**

THE INDIVIDUALS_____ , **Defendant**

## CONSENT BY PRO SE LITIGANT (NON-PRISONER) TO RECEIVE NOTICES OF ELECTRONIC FILING

I, Si Xin Chen_____ , am a pro se litigant (non-prisoner) and consent to receive notices electronically in the above case. In doing so, I consent to the Court and opposing counsel using my email address, as listed below, for the purpose of sending me electronic notification of orders, notices, and other documents that are filed in my case. I understand that hard (paper) copies will no longer be sent by the Court or opposing counsel. By consenting to electronic notice, I understand that **I am responsible for maintaining a current email address with the Court**. I hereby certify that:

☑ I have provided and will maintain a current email address and mailing address with the Court. I will file a Notice of Change of Address Form conventionally (i.e., mail or in person) immediately if my email or mailing address changes while the above case is pending. (The Notice of Change of Address Form can be found under the Pro Se Section of the Court's website@ www.flsd.uscourts.gov.)

☑ I am responsible for maintaining an email account sufficient to receive notifications, on a daily basis, from the Court and opposing counsel. I also understand that electronic mail filter software (SPAM filters) may interfere with my receipt of email notifications and will ensure that any such software installed on my computer or network will not filter out messages from cmecfautosender@flsd.uscourts.gov.

☑ I am responsible for managing my email account and am responsible for others who many have access to my email account.

☑ I have already registered *or* will immediately register for a PACER account (Public Access to Court Electronic Records). **I understand I will not receive any notices via email until I have a PACER account.** (To register for an account or for additional information see the Pro Se Section on the Court's website at www.flsd.uscourts.gov or go to www.pacer.gov.)

☑ I understand that when documents are entered in CM/ECF, a Notice of Electronic Filing (NEF) will be sent to my email address, which will contain a hyperlink to the document in PACER. I also understand that pursuant to PACER's policy, I will be allowed one "free look" at the document and that it is recommended that I print or download the document at that time because after the one "free look", normal PACER fees will apply. I also understand that the hyperlink to access the document will expire after I fir st access the document or after 15 days, whichever comes first.

☑ I am responsible for maintaining my PACER account while the above case is pending , including any incurred fe es. (Note: Most PACER users do not accrue enough charges to actually pay any fees).

☑ I understand and will comply with the following computer hardware and software requirements necessary to receive electronic notices via the CM/ECF system : Windows or Macintosh operation system ; Javascript enabled browser; and Internet Explorer or Firefox b rowser supported by CM/ECF (See Pro Se Section on Court's website at www.flsd.uscourts.gov for browser information) . I also understand that high speed internet access is strongly recommended over dial -up internet service, which will reduce the amount of time to download lengthy documents.

I further understand that receiv ing of Notices of Electronic Filings (NEF) is a privilege, not a right, and may be rescinded by the Court at any time, without notice , at which time notices will be provided via the U.S mail.

Wherefore, the undersigned hereby agrees to the above conditions and elects to electronically receive Notices of Electronic Filing (NEF) to the email address listed below while the above case is pending.

Date: December 12, 2023

/S/ Si Xin Chen
Signature of Pro se Litigant (Non-Prisoner)

Email Address: 

sellerdefense@gmail.com
Street Address: Tangxia Town, Wenzhou City
City, State, Zip Code: 325200, Zhejiang, China
Telephone No: 11729592043

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-23867-CIV-ALTONAGA/Damian

METZFAB INDUSTRIES, LLC, AND
BRANDON METZGER,

        Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

        Defendants.
_____/

## NOTICE OF APPEARANCE

    A pro se appearance is hereby filed by Si Xin Chen doing business as VODCACA on Amazon.com. Si Xin Chen has an address of Tangxia Town Room 2401, Unit 1, Building 1, Wenzhou city, Ruian City, Zhejiang Province 325200, China, and telephone number 11729592043, and email address of wzmuzan@163.com.

Dated: December 12, 2023        Respectfully submitted,

                        */s/ Si Xin Chen*
                        SI XIN CHEN
                        wzmuzan@163.com
                        Tangxia Town Room 2401,
                        Unit 1, Building 1,
                        Wenzhou city, Ruian City
                        Zhejiang Province
                        325200, China

Si xin chen
Tangxia Town Room 2401, uniFT, Building l
wenzhou, city
zhejiang province 325200
china

united states District court
wilkie D. Ferguson, Jr U.S. courthouse
clerk's office
400 North Miami Ave, 8th FLOOR North
Miami, FL 33128