UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-23867-CIV-ALTONAGA/Damian

METZFAB INDUSTRIES,
LLC; *et al.*,

      Plaintiffs,
v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

      Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant VODCACA's Motion to Modify the Preliminary Injunction and Lift Asset Freeze [ECF No. 51], filed on December 14, 2023. VODCACA seeks an order modifying the Preliminary Injunction to release VODCACA's assets, or, alternatively, freeze no more than $907.43 — the amount of revenue purportedly generated from sales of allegedly infringing products. (*See generally* Mot.). Problematically, the Motion is signed and submitted by non-attorney Si Xin Chen, self-described as the "real party in interest[.]" (*Id.* 1 (alteration added)).[1]

Individual parties in federal court "may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. But VODCACA is a company, and as such, "can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

F.2d 1381, 1385 (11th Cir. 1985) (citations omitted). This is true "even where the person seeking to represent the corporation is its president and major stockholder." *Id.* (citation omitted). Consequently, as a non-lawyer, Si Xin Chen may not represent the interests of VODCACA. *See id.* (citation omitted); *see also Wheat v. United States*, 486 U.S. 153, 159 (1988) ("[A]n advocate who is not a member of the bar may not represent clients (other than himself) in court." (alteration added)); *Iannacone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, . . . a lay person may not represent a corporation or a partnership[.]" (alterations added)).

Because Si Xin Chen is not permitted to act on behalf of VODCACA, the Motion is improper. If VODCACA wishes to renew its request to modify the injunction, it must do so through legal counsel.

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant VODCACA's Motion to Modify the Preliminary Injunction and Lift Asset Freeze **[ECF No. 51]** is **STRICKEN**.

**DONE AND ORDERED** in Miami, Florida, this 15th day of December, 2023.

_____
**CECILIA M. ALTONAGA
CHIEF UNITED STATES DISTRICT JUDGE**