UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-23867-CIV-ALTONAGA

**METZFAB INDUSTRIES,
LLC**; *et al.*,

    Plaintiffs,
v.

**THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiffs, Metzfab Industries, LLC and Brandon Metzger's Motion for Entry of Final Default Judgment [ECF No. 104], filed on February 22, 2024. Plaintiffs seek entry of a default final judgment against Defendants, the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations identified on Schedule A to the Motion [ECF No. 104-2][1] that operate e-commerce stores that infringe Plaintiffs' patent rights. (*See generally* Mot.). Plaintiffs request the Court (1) enjoin Defendants' infringement of Plaintiffs' patents; (2) award Plaintiffs damages in the form of lost profits; and (3) instruct any third-party financial institutions in possession of any funds restrained or held on behalf of Defendants to transfer these funds to Plaintiffs in partial satisfaction of the damages award. (*See generally id.*). Defendants have not responded to the Motion within the time afforded by the Local

---

[1] Schedule A is also appended to this Order.

Rules, nor have they requested additional time to do so. The Court has carefully considered the Motion, the record, and applicable law.

## I. BACKGROUND

Metzger is the owner and lawful assignee of all rights, title, and interest in and to U.S. Patent Nos. US 9,671,272 B1 and US 9,285,259 B1 ("Metzfab Patents"), which were duly and legally issued by the United States Patent and Trademark Office. (*See* Compl., Ex. 1 [ECF No. 1-1]; Decl. of Brandon Metzger ("Metzger Decl.") [ECF No. 7-1] ¶¶ 7–8). Metzfab Products, which utilize the technology of, and inventions claimed in, at least a portion the Metzfab Patents, are known for their innovative and superior performance. (*See* Metzger Decl. ¶ 8). As a result, the Metzfab Products are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Metzfab. (*See id.*).

Defendants, through the various Internet based e-commerce stores operating under each of the Seller IDs identified on Schedule A, have advertised, promoted, offered for sale, sold, and/or imported products that appear to be genuine Metzfab Products but which are actually inferior and unauthorized imitations of the Metzfab Products. (*See id.* ¶¶ 10–16). Defendants are not now, nor have they ever been, authorized or licensed to use the Metzfab Patents. (*See id.* ¶ 22).

As part of their ongoing investigation regarding the sale of infringing products, Plaintiffs or someone under their supervision accessed Defendants' Internet based e-commerce stores operating under each of the identified Seller IDs; purchased from each Seller ID a product infringing or suspected of infringing the Metzfab Patents; and requested that each product to be shipped to an address in the Southern District of Florida. (*See id.* ¶¶ 10–16). A representative for Plaintiffs personally analyzed the items at issue through Defendants' e-commerce stores or detailed web page captures and images of the items and concluded the products were non-genuine,

unauthorized Metzfab Products. (*See id.* ¶¶ 14–16). Based on their investigation, Plaintiffs concluded Defendants are promoting, advertising, offering for sale, selling, and/or importing goods that infringe the Metzfab Patents ("Infringing Products") within this District and throughout the United States. (*See id.*).

On October 10, 2023, Plaintiffs filed their Complaint [ECF No. 1] alleging Defendants violated 35 U.S.C. section 271 by directly and/or indirectly importing, developing, designing, manufacturing, distributing, marketing, offering to sell and/or selling the Infringing Products in the Southern District of Florida through Internet-based e-commerce stores under the Seller IDs identified on Schedule A. (*See generally id.*). On October 31, 2023, Plaintiffs filed an *Ex Parte* Motion for Order Authorizing Alternate Service of Process [ECF No. 5], which the Court granted. (*See* Nov. 1, 2023 Order [ECF No. 9]). On November 20, 2023, Plaintiffs served each Defendant with a Summons [ECF No. 13] and copy of the Amended Complaint via electronic mail and via website posting. (*See generally* Proof of Service [ECF No. 21]).

A Clerk's Default [ECF No. 100] was entered against Defendants on February 1, 2024, after Defendants failed to respond to the Complaint [ECF No. 1], despite having been served on November 20, 2023. (*See* Proof of Service (affirming that Defendants were served on November 20, 2023); Dec. 14, 2023 Order [ECF No. 49]; Dec. 16, 2023 Order [ECF No. 55]; Jan. 4, 2024 Order [ECF No. 73]). Plaintiffs then filed the present Motion.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. *See* Fed. R. Civ. P. 55(b)(2). Although a court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint, "a defendant's default does not in itself

warrant the court entering a default judgment." *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (alteration adopted; quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); citations omitted). "Entry of judgment by default is a drastic remedy which should be used only in extreme situations[.]" *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (alteration added). Granting a motion for default judgment is within the trial court's discretion. *See Nishimatsu*, 515 F.2d at 1206.

"Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (footnote call number omitted; quoting *Nishimatsu Constr. Co.*, 515 F.2d at 1206). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (alteration added; citations omitted). Even if a complaint states a claim, the court must still "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Sublett v. Landshark Grp., Inc.*, No. 20-cv-128, 2021 WL 5055074, at *6 (N.D. Fla. Aug. 26, 2021) (quoting *Credit Lyonnais Sec. (USA) v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

### III.  DISCUSSION

***Liability for Patent Infringement***.  "A properly registered patent is presumed to be valid." *Kiss Nail Prod., Inc. v. Shenzhen Jinri Elec. Appliance Co.*, No. 18cv5625, 2020 WL 4679631, at *5 (E.D.N.Y. July 23, 2020) (citing 35 U.S.C. § 282), *report and recommendation adopted*, 2020 WL 4676415 (E.D.N.Y. Aug. 12, 2020). An exclusive licensee is treated like an owner if the exclusive license "grant[s] . . . all substantial rights" to the licensee. *Vaupel Textilmaschinen KG v. Meccania Euro Italia SPA*, 944 F.2d 870, 875 (Fed. Cir. 1991) (alterations added).

Under the Patent Act, "whoever without authority makes, uses, offers to sell, or sells any

4

patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). "A determination as to infringement involves a two-step analysis." *WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1346 (Fed. Cir. 1999). The claims are construed and then, as construed, compared to the accused device. *See Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 261 F.3d 1329, 1336 (Fed. Cir. 2001) (citations omitted). The accused device must infringe one or more claims of the patent literally or under the doctrine of equivalents. *See id.* (citation omitted).

In a claim of literal infringement, the plaintiff must establish that "every limitation set forth in a claim [is] found in an accused product, exactly." *Becton, Dickinson & Co. v. Tyco Healthcare Group, LP*, 616 F.3d 1249, 1253 (Fed. Cir. 2010) (alteration added; quotation marks omitted; quoting *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995)). Infringement under the doctrine of equivalents asks whether "the accused product or process contain[s] elements identical or equivalent to each claimed element of the patented invention[.]" *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40 (1997) (alterations added).

Here, the Complaint properly alleges sufficient facts to demonstrate Defendants' patent infringement. (*See* Compl. ¶¶ 24–55). Moreover, Plaintiffs substantiate their allegations with sworn declarations and other evidence to establish Defendants' liability for patent infringement. (*See* Metzger Decl. ¶¶ 10–16 (demonstrating that each Defendant has offered for sale, sold, or imported into the United States at least one product that meets each limitation of at least one claim of each of the Metzfab Patents); *see also* Mot., Ex. 1, Decl. of Rossana Baeza ("Baeza Decl.") [ECF No. 104-1] Ex. 1). Accordingly, default judgment under Federal Rule of Civil Procedure 55 is appropriate.

*Relief*. Plaintiffs seek both injunctive relief and damages. (*See generally* Mot.). The Court

considers Plaintiffs' entitlement to each category of relief.

*Injunctive relief.* A district court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. Even in a default judgment setting, injunctive relief is available. *See, e.g.*, *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1222–23 (S.D. Fla. 2004). Indeed, Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiffs to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d. 1096, 1103 (N.D. Cal. 2003)) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief." (alteration added)).

Permanent injunctive relief is appropriate where a plaintiff demonstrates (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardships favors an equitable remedy; and (4) issuance of an injunction is in the public's interest. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392–93 (2006). A court's analysis of these factors "proceeds with an eye to the 'long tradition of equity practice' granting 'injunctive relief upon a finding of infringement in the vast majority of patent cases.'" *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1362 (Fed. Cir. 2012) (citation omitted). "Absent adverse equitable considerations, the winner of a judgment of validity and infringement may normally expect to regain the exclusivity that was lost with the infringement." *Edwards Lifesciences AG v. CoreValve, Inc.*, 699 F.3d 1305, 1314 (Fed. Cir. 2012) *cert. denied*, 134 S. Ct. 82 (2013).

Plaintiffs have carried their burden on each of the four factors, rendering permanent injunctive relief appropriate. First, Plaintiffs are suffering irreparable harm because Defendants' acts of infringement have eroded Plaintiffs' market for the Metzfab Products, impacted Metzfab's

goodwill, caused consumer confusion, and damaged Plaintiffs' market position. (*See* Metzger Decl. ¶¶ 28–31); *Presidio Components, Inc.*, 702 F.3d at 1363 ("Direct competition in the same market is certainly one factor suggesting strongly the potential for irreparable harm without enforcement of the right to exclude.").

Second, Plaintiffs demonstrate no adequate remedy at law exists because Defendants have failed to appear, precluding Plaintiffs from discovering the full extent of recoverable damages and failing to ensure the infringing conduct will cease  *See Enpat, Inc. v. Budnic*, No. 11-cv-86, 2011 WL 1196420, at *4 (M.D. Fla. Mar. 29, 2011) (explaining the defendant's refusal to appear in the case "reinforces the inadequacy of a remedy at law and the irreparability of the harm absent an injunction").

Third, enjoining Defendants will prevent hardship to Plaintiffs from loss of sales and injury to Plaintiffs' reputation and goodwill (*see* Metzger Decl. ¶¶ 28–31), whereas Defendants "face no hardship if they are prohibited from the infringement of [Plaintiffs' patents], which [are] illegal act[s,]" *Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256, 1264 (S.D. Fla. 2019) (alterations added).

Finally, the public interest supports the issuance of a permanent injunction to prevent Defendants from misleading consumers with Defendants' counterfeit products.  *See Nike, Inc. v. Leslie*, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior.").

Consequently, permanent injunctive relief is appropriate.

*Damages.*  Plaintiffs also seek statutory damages under 35 U.S.C. section 284. (*See* Mot. 14–16).  The statute provides that a party whose patent has been infringed is entitled to receive "damages adequate to compensate for the infringement[.]"  35 U.S.C. § 284 (alteration added).

There are two methods by which courts calculate damages under section 284. *See Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1078 (Fed. Cir. 1983). First, if the record permits the determination of actual damages in the form of lost profits the patentee lost due to the infringement, that determination accurately measures loss. *See id.* If actual damages cannot be ascertained, a reasonable royalty may be awarded. *See Trell v. Marlee Elecs. Corp.*, 912 F.2d 1443, 1445 (Fed. Cir. 1990) (citation omitted); *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1544 (Fed. Cir. 1995). In either situation, the patent owner bears the burden of proof. *See BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1217 (Fed. Cir. 1993) (citation omitted). Here, Plaintiffs seek lost profits damages and forego any award of a reasonable royalty in lieu of lost profits. (*See* Mot. 14–16).

"To measure damages by lost profits[,] the patentee must establish, by a preponderance of evidence, that but for the infringement he would have earned the profits he asserts were lost." *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1119 (Fed. Cir. 1996) (alteration added; citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 507 (1964); other citation omitted). Damage awards cannot be based upon speculation or optimism but must be established by evidence. *See id.* In short, when a patent owner seeks to prove actual damages in the form of lost profits, as here, the patent owner must show it (1) would have made the sale but for the infringement and (2) proper evidence of the computation of lost profits. *See King Instruments Corp. v. Otari Corp.*, 767 F.2d 853, 863 (Fed. Cir. 1985).

Plaintiffs insist an evidentiary hearing is unnecessary.[2] (*See* Mot. 14–16). In support of their request for lost profits, they cite an exhibit containing a spreadsheet that summarizes "the

---

[2] "[E]videntiary hearings are required in all but limited circumstances, such as when hearing any additional evidence would be truly unnecessary to a fully informed determination of damages." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 744 (11th Cir. 2017) (alteration added; quotation marks omitted; quoting *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary

amount currently restrained in . . . Defendants' known financial accounts[.]" (Baeza Decl. ¶ 2 (citing *id.*, Ex. 2 [ECF No. 104-7])). This showing is insufficient, as Plaintiffs make no attempt to show that "but for" the alleged infringement, they would have sold their technology to the buyers.[3] (*See generally* Mot.; Baeza Decl.). It is true that "if actual damages cannot be ascertained with precision because the evidence available from the infringer is inadequate, damages may be estimated on the best available evidence, taking cognizance of the reason for the inadequacy of proof and resolving doubt against the infringer." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1572 (Fed. Cir. 1996) (citations omitted). Here, however, the lack of causation evidence is not due to Defendants' absence and any consequent missing evidence; instead, much of the information necessary to prove but-for causation is in Plaintiffs' possession.

In sum, Plaintiffs have failed to sufficiently demonstrate the amount of damages they are entitled to under section 284.

### IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiffs, Metzfab Industries, LLC and Brandon Metzger's Motion for Entry of Final Default Judgment **[ECF No. 104]** is **GRANTED in part** and

---

hearings in a permissive tone. We have held that no such hearing is required where all essential evidence is already of record." (citations omitted))).

[3] A standard but non-exclusive way to demonstrate this but-for causal relationship is through the "*Panduit* test," which requires the patent-holder to establish by a reasonable probability: "(1) demand for the patented product, (2) absence of acceptable noninfringing substitutes, (3) manufacturing and marketing capability to exploit the demand, and (4) the amount of profit that would have been made." *Georgetown Rail Equip. Co. v. Holland L.P.*, 867 F.3d 1229, 1241 (Fed. Cir. 2017) (alterations adopted; quoting *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978)). Where noninfringing alternatives exist, the patentee can obtain lost profits based on the patentee's established market share. *See Comair Rotron, Inc. v. Nippon Densan Corp.*, 49 F.3d 1535, 1540 (Fed. Cir. 1995).

**DENIED in part**. Final judgment shall issue by separate order, granting Plaintiffs only injunctive relief.

**DONE AND ORDERED** in Miami, Florida, this 13th day of March, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

CASE NO. 23-23867-CIV-ALTONAGA

**Schedule A**

| DOE No. | Defendant Internet Store | Seller URL |
|---|---|---|
| 119 | 2009happyseller | https://www.ebay.com/usr/2009happyseller |
| 122 | 2022dressup | https://www.ebay.com/usr/2022dressup |
| 126 | aceur-7 | https://www.ebay.com/usr/aceur-7 |
| 132 | articleone1 | https://www.ebay.com/usr/articleone1 |
| 137 | auto_sunny-2 | https://www.ebay.com/usr/auto_sunny-2 |
| 144 | autopart-2020 | https://www.ebay.com/usr/autopart-2020 |
| 164 | auto-sector | https://www.ebay.com/usr/auto-sector |
| 166 | beautifullife88 | https://www.ebay.com/usr/beautifullife88 |
| 170 | bestonline222 | https://www.ebay.com/usr/bestonline222 |
| 174 | blueoen | https://www.ebay.com/usr/blueoen |
| 188 | carparts_create | https://www.ebay.com/usr/carparts_create |
| 192 | chloe889 | https://www.ebay.com/usr/chloe889 |
| 193 | cindia | https://www.ebay.com/usr/cindia |
| 194 | cnsmkcarparts | https://www.ebay.com/usr/cnsmkcarparts |
| 195 | coconut_auto | https://www.ebay.com/usr/coconut_auto |
| 196 | comfortable6 | https://www.ebay.com/usr/comfortable6 |
| 199 | create_autoparts | https://www.ebay.com/usr/create_autoparts |
| 200 | cuddlylet | https://www.ebay.com/usr/cuddlylet |
| 201 | Cyltd_Vehicle Parts | https://www.ebay.com/usr/automotors_cyltd |
| 203 | dasxp1 | https://www.ebay.com/usr/dasxp1 |
| 205 | dk_sps | https://www.ebay.com/usr/dk_sps |
| 208 | easy-driv | https://www.ebay.com/usr/easy-driv |
| 210 | electrapick2 | https://www.ebay.com/usr/electrapick2 |
| 217 | eocusun | https://www.ebay.com/usr/eocusun |
| 219 | eurer | https://www.ebay.com/usr/eurer |
| 222 | familienkaufhaus | https://www.ebay.com/usr/familienkaufhaus |
| 225 | festung23 | https://www.ebay.com/usr/festung23 |
| 226 | ffor | https://www.ebay.com/usr/ffor |
| 231 | forbuyerhappy19 | https://www.ebay.com/usr/forbuyerhappy19 |
| 235 | fullofmoney6 | https://www.ebay.com/usr/fullofmoney6 |
| 239 | gadgetsking94 | https://www.ebay.com/usr/gadgetsking94 |
| 253 | high-quality-service | https://www.ebay.com/usr/high-quality-service |
| 256 | homegoodspartss1 | https://www.ebay.com/usr/homegoodspartss1 |
| 300 | panda-autoparts | https://www.ebay.com/usr/panda-autoparts |
| 304 | parts-space | https://www.ebay.com/usr/parts-space |
| 306 | pj-online | https://www.ebay.com/usr/pj-online |

| DOE No. | Defendant Internet Store | Seller URL |
|---|---|---|
| 310 | precioustime668 | https://www.ebay.com/usr/precioustime668 |
| 330 | smkcar01 | https://www.ebay.com/usr/smkcar01 |
| 331 | smkparts001 | https://www.ebay.com/usr/smkparts001 |
| 332 | smkparts002 | https://www.ebay.com/usr/smkparts002 |
| 341 | supermarket68 | https://www.ebay.com/usr/supermarket68 |
| 343 | swagshopping22 | https://www.ebay.com/usr/swagshopping22 |
| 350 | top_autoparts_c | https://www.ebay.com/usr/top_autoparts_c |
| 354 | tradeasy2020 | https://www.ebay.com/usr/tradeasy2020 |